Taliaferro, J.
The plaintiffs, who are extensive dealers in coal, complain that they have been harassed by vexatious and illegal suits instituted against them by the city before a justice of the peace, for the purpose of compelling them to pay illegal exactions called “levee dues,” which it is pretended the plaintiffs are-bound to pay for landing *159 and mooring their coal boats along the shore- of the river above the limits of the city of Jefferson, where there are no wharves or facilities of any kind provided by the city of New Orleans for the landing or unlading of vessels or boats of any kind. The plaintiffs applied to the Superior District Court for a writ of injunction, restraining the city fron; enforcing any claim against them for pretended levee dues, wharfage or port charges, and that William L. Evans, second justice of the peace, be prohibited from further proceeding in certain specified cases on the docket of his court, and pending therein against the plaintiffs to enforce said claims. The writs of prohibition and injunction prayed for were granted. Citations were issued to the proper officers of the city; and the city, by its attorney, filed an exception and answer. The exception is that the petition discloses no cause of action, and that the court is without jurisdiction to issue the injunction. The answer avers the right to collect the dues sued for, and prays judgment dissolving the injunction with damages. There was judgment in favor of the plaintiffs as prayed for, and the defendants have appealed.
We think the exception well taken. The constitutionality of the tax imposed by the city being in question, an appeal lay directly from the justice’s court to this court. The city had the right to bring those suits before the tribunal having the proper jurisdiction of them. 4 An. 11; 11 An. 696; 14 An. 505.
It is therefore ordered that the judgment appealed from be annulled and reversed.
It is further ordered that the injunction sued out in this case be dissolved and the case dismissed at plaintiffs’ costs.
Rehearing refused.